IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SANIJET CORPORATION, § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 3:06-CV-1258-B |
| § | |
| LEXOR INTERNATIONAL, INC., et al, § | |
| Defendants. § | |

## MEMORANDUM ORDER

This is a breach of contract and patent infringement case in which Defendants/Counterclaimants seek to add certain affirmative defenses and new counterclaims related to the contractual matters at issue. Plaintiff opposes some of the additions as futile and unnecessary given the scope of existing claims, counterclaims, and defenses. Having considered Defendants' Motion for Leave to File Defendants' Second Amended Answer to Plaintiff's First Amended Complaint and First Amended Counterclaims (doc #58), Plaintiff's Response, Defendants' Reply, and all argument in support and opposition, the Court hereby GRANTS the Motion in part and DENIES the Motion in part as discussed below.

## BACKGROUND

After initiating this case on July 14, 2006, Plaintiff Sanijet Corporation filed its First Amended Complaint asserting claims for breach of contract and patent infringement against Defendants Lexor International, Inc., Lexor, Inc., Solex International Inc., Salon Intellisys Group, LLC, Solex Nguyen LLC and Lexor Service Center LLC (collectively, "Defendants") on September 18, 2006. Defendants originally answered on November 8 and 13, 2006 and later filed a First Amended Answer and Counterclaims against Plaintiff on May 24, 2007. Defendants' counterclaims

included claims for breach of contract, breaches of implied warranties of merchantability and fitness, violations of the Texas Deceptive Trade Practices Act (including breach of express warranty), fraud. Defendants also sought declaratory judgments of non-infringement and invalidity of the patents in suit.

The initial scheduling order in this matter provided a deadline of October 2007 for amending pleadings (doc #16). However, in January 2008, after the *Markman* hearing deadline was postponed several months from its original date, the Court amended the scheduling order, with the agreement of the parties, to extend certain other deadlines, including the deadline for amending pleadings (doc #54). Thus, the current deadline for amending pleadings in this matter is June 3, 2008 with fact discovery set to close on September 12, 2008.

On March 4, 2008, Defendants filed the instant Motion for Leave to File a Second Amended Answer and Counterclaims. Plaintiff has indicated that the only aspects of the proposed new Second Amended Answer and Counterclaims that it opposes are the counterclaims for (1) breach of contract under the Uniform Commercial Code, (2) declaratory judgment regarding the invalidity of a contractual warranty disclaimer or exclusion, and (3) declaratory judgment regarding limitation of remedies under the contract at issue. Plaintiff essentially argues that leave to amend would be futile and therefore should not be granted, because the proposed new counterclaims duplicate existing claims or do not reflect an actual controversy between the parties.

## ANALYSIS

Federal Rule of Civil Procedure 15 provides that leave to amend a pleading "shall be freely given when justice so requires." FED. R. CIV. P. 15. The Fifth Circuit interprets this standard as evincing a bias toward allowing amendments and has commented that the district court's discretion

is not broad enough to permit denial unless there is a substantial reason for such denial. *Martin's Herend Imports, Inc. v. Diamond & Gem Trading United States of Am. Co.*, 195 F.3d 765, 770 (5th Cir. 1999). Substantial reasons for denial include undue delay, bad faith, dilatory motive, undue prejudice, frivolity, and futility. *Id.* at 770-771. Futility in the context of a motion to amend means that leave should not be given if the amended complaint would fail to state a claim upon which relief could be granted. The court determines futility using the same standard of legal sufficiency as applies under a Federal Rule of Civil Procedure 12(b)(6) analysis. *Stripling v. Jordan Production Co., LLC*, 234 F.3d 863, 873 (5th Cir. 2000). A 12(b)(6) motion to dismiss should be granted only if the proposed complaint does not include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1969 (2007). Thus, when an opposing party argues futility, the court reviews proposed amendments in the light most favorable to the proponent, accepting all well-pleaded facts as true with every doubt to be resolved in favor of the proponent. *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004).

Plaintiff argues that each of Defendants' proposed new counterclaims would be futile for various reasons. First, Plaintiff asserts that Defendants' new counterclaim for breach of contract under the Texas state version of the Uniform Commercial Code ("UCC") would be futile, because Defendants have an existing claim for breach of contract. Plaintiff states that the new counterclaim is "redundant and unnecessary," apparently arguing that Defendants' current breach of contract claim is broad enough to cover claims under both the UCC and common law. The Court finds no harm in allowing Defendants to add a breach of contract claim to specifically reference the UCC. While it is true that "[w]here the Uniform Commercial Code applies, common law rules regarding breach of contract do not apply," the current counterclaim for breach of contract does not expressly

assert the applicability of the UCC. *Plano Lincoln Mercury, Inc. v. Roberts*, 167 S.W.3d 616, 624 (Tex. App.–Dallas 2005, no pet.); TEX. BUS. & COMM. CODE §2.101 (Vernon 2007). *See* Defs.' Countercl. at ¶¶ 11.01-11.05. There is no dispute that the proposed new counterclaim states a claim under the UCC. The Court finds it appropriate to allow the amendment to fully apprise Sanijet of the scope and nature of the breach of contract claim and the relief sought against it. FED. R. CIV. P. 8(a). At this time, the Court makes no determination as to whether separate claims for breach of contract under the common law and breach of contract under the UCC ultimately could survive under the facts of this matter, but finds simply that the proposed amendment is not necessarily duplicative of existing claims as pled, is legally sufficient to state a claim, and is therefore not futile.

Second, Plaintiff argues that Defendants' proposed declaratory judgments should not be added, because they are duplicative of existing affirmative defenses and/or will necessarily be resolved as part of the resolution of the existing lawsuit concerning the subject contract. The Court agrees with Plaintiff.

The Court has broad discretion in determining whether to entertain a declaratory judgment action under 28 U.S.C. § 2201. *Winton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995) (noting that the Declaratory Judgment Act is "an enabling Act, which confers discretion on the courts rather than an absolute right upon the litigant."). Although a court may not dismiss a request for declaratory relief "on the basis of whim or personal disinclination…the court may consider a variety of factors in determining whether to decide a declaratory judgment suit." *Rowan Cos., Inc. v. Griffin*, 876 F.2d 26, 28-29 (5th Cir. 1989). If a request for a declaratory judgment adds nothing to an existing lawsuit, it need not be permitted. *See Pan-Islamic Corp. v. Exxon Corp.*, 632 F.2d 539, 546 (5th Cir. 1980) (affirming refusal to allow leave to add claims that were adequately raised in the original

complaint); *Mandry v. Fina Oil & Chemical Co.*, 44 F.3d 1004, 1994 WL 733494 at *2 (5th Cir. 1994) (reversing award of declaratory relief where "[t]he declaratory judgment does not declare any significant rights not already at issue in the contract dispute.").

In the Federal Rule of Civil Procedure 12(b)(6) context, courts regularly reject declaratory judgment claims that seek resolution of matters that will already be resolved as part of the claims in the lawsuit. *See, e.g., Xtria LLC v. Tracking Sys., Inc.*, No. 3:07-CV-0160, 2007 WL 1791252, at *3 (N.D. Tex. Jun. 21, 2007) (dismissing declaratory judgment action under Rule 12(b)(6) where it duplicated an existing breach of contract claim); *Assistmed, Inc. v. Conceptual Health Solutions, Inc.*, No. 3:05-CV-0880, 2006 WL 3691003, at *17 (N.D. Tex. Dec. 14, 2006) (same); *Hanson Aggregates, Inc. v. Roberts & Schaefer Co.*, No., 2006 WL 2285575, at *3 (N.D. Tex. Aug. 9, 2006) (dismissing counterclaim for declaratory judgment while noting that "a motion for declaratory judgment that merely restates a party's defenses is insufficient"); *Albritton Props. v. Am. Empire Surplus Lines*, No. 3:04-CV-2531, 2005 WL 975423, at *2 (N.D. Tex. Apr. 25, 2005) (granting Rule 12(b)(6) motion dismissing counterclaim for declaratory judgment where the disputed issues were already pending before the court); and *Kogul v. Xspediou Mgmt. Co.*, No. 3:04-CV-2518, 2005 WL 1421446, at * 4 (N.D. Tex. Jun. 1, 2005) (dismissing declaratory actions that sought resolution of matters already to be resolved in the ongoing lawsuit).

Defendants' first proposed declaratory counterclaim seeks a declaration that the contract at issue in this matter does not contain a valid disclaimer of any implied warranties of merchantability or fitness for a particular purpose. Defs.' Proposed First Am. Countercl. at ¶¶ 15.06-15.07. Defendants' original counterclaims include claims for breach of the implied warranties of merchantability or fitness for a particular purpose. Defs.' Countercl. at ¶¶ 14.01-15.03. Plaintiff

denied those allegations in those counterclaims as part of its Answer. Pl.'s Answer at ¶¶ 6.01-7.03. Further, Defendants also seek to amend their affirmative defenses to specifically allege as defenses Plaintiff's breaches of the implied warranties of merchantability or fitness for a particular purpose and the absence of a valid disclaimer, exclusion, or modification of those implied warranties. Defs.' Proposed Second Am. Answer at ¶¶ 7.08-7.10. Plaintiff has not opposed Defendants' request to add those affirmative defenses.

The Court finds Defendants' proposed declaratory action entirely duplicative of the issues that will necessarily be resolved in connection with its affirmative claims for breach of the implied warranties of merchantability or fitness for a particular purpose and/or its proposed new affirmative defenses. The Court sees no way that the declaratory judgment action sought by the Defendants will not be resolved in the context of existing claims. For instance, Defendants have asserted that Plaintiff breached certain implied warranties. Plaintiff has answered that it has not breached those warranties. As part of its defense, Plaintiff will surely assert that there is a valid disclaimer of those warranties contained in the contract–precisely the mirror image of the declaration sought by Defendants. Thus, the Court will have to determine whether a disclaimer exists in order to determine whether any warranties exist that could have been breached. If Plaintiff does not assert that there is a valid disclaimer, then there is no case or controversy as required under Article III of the U.S. Constitution to sustain a declaratory judgment action, because the parties would effectively agree that any purported disclaimer does not apply. 28 U.S.C. § 2201 (allowing declaratory judgment actions only where there is "a case of actual controversy"); *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 239-240 (1937) (noting that language used in the Declaratory Judgment Act refers to controversies in the constitutional sense). Defendants' request for leave to add a counterclaim for

a declaratory judgment regarding disclaimer of alleged implied warranties is thus denied as either duplicative or unripe.

Defendants' second proposed declaratory judgment counterclaim seeks a declaration that the contract limits the number of jet assemblies that must be purchased by Defendants to 50% of the minimums set forth in paragraph 6 of that contract. Defs.' Proposed First Am. Countercl. at ¶¶ 17.03-17.05. Viewing the allegations as true and in the light most favorable to Defendants (as Counter-claimants), the Court finds that this claim will necessarily be resolved as part of the resolution of other pending claims. Plaintiff has asserted a claim for breach of contract based on Defendants "failing to purchase the required minimums" as required under paragraph 6 of the contract. First Am. Compl. at ¶¶ 6.02-6.03. Paragraph 6 clearly sets forth the minimums to be purchased on a monthly basis for each year of the agreement. *See* Ex. 1 to Pls.' Response at ¶ 6. However, Defendants assert that they did not have to purchase those minimums and instead only had to purchase 50% of the minimums, apparently relying on the sentence in the contract stating that "If Buyer does not timely purchase at least 50% of the minimums, Sanijet may terminate the agreement." Defs.' Proposed First Am. Countercl. at ¶ 17.03. Further, Defendants also seek to amend their affirmative defenses to specifically allege that Plaintiff's remedies are limited by the agreement such that it cannot pursue the requested compensatory damages. Defs.' Proposed Second Am. Answer at ¶ 7.14. Plaintiff has not opposed Defendants' request to add that affirmative defense.

Clearly, Defendants and Plaintiff differ as to the meaning and amount of the "required minimums" referred to by Plaintiff in its Complaint. In order to resolve Plaintiff's breach of contract claim, the Court will have to determine what the minimums were, if any, that Defendants were

required to purchase.  As part of that determination, the Court will necessarily consider and determine the validity of Defendants' apparent position that their liability has been limited by one particular sentence in paragraph 6 of the agreement.

To the extent that Defendants seek a declaration on a going forward basis, the Court finds it unnecessary under principles of res judicata.  The Court notes that the parties have not pled whether or not the contract at issue has been terminated.  The agreement itself appears to be effective through at least 2013.  *See* Ex. 1 to Pls.' Response at ¶ 6.  Thus, it is possible that the parties have an ongoing contractual relationship.  However, in determining damages, if any, if Plaintiff is successful on its current breach of contract claim, the Court will have decided what the minimums were that Defendants should have purchased and will have either accepted or rejected Defendants' interpretation of paragraph 6. Given the identity of the issues and parties, and the full opportunity Defendants will have to litigate this issue, the Court's acceptance or rejection of its position will necessarily determine whether Defendants can assert a 50% limitation on the minimums required in future years.   A declaration of the minimums due under the agreement would be repetitive and unnecessary in this context.  Defendants' request for leave to amend to add this declaratory counterclaim is therefore denied.

## CONCLUSION

For the reasons discussed above, the Court finds that it would be futile to allow Defendants to add the two declaratory judgment counterclaims they propose.  The issues raised in those claims are already before the Court in this matter as part of Plaintiff's claims, Defendants' current affirmative counterclaims, and/or Defendants' new proposed affirmative defenses (which Plaintiff does not oppose).  The Court finds it in the interest of justice to allow the addition of Defendants'

proposed new counterclaim for breach of contract under the Texas state version of the Uniform Commercial Code to clarify the law at issue and the remedies sought by Defendants.  The Court also allows Defendants to amend their answer to assert additional affirmative defenses as set forth in their proposed Second Amended Answer.  Defendants have three (3) business days in which to file their Second Amended Answer and First Amended Counterclaims in conformity with this Order.

    **SO ORDERED.**

    Dated: May 15, 2008.

                                              _____
                                              **JANE J. BOYLE**
                                              **UNITED STATES DISTRICT JUDGE**